IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES L. RUSHFELDT,[1]

                      Plaintiff,

  v.

THE STATE OF TEXAS,

                      Defendant.

OPINION & ORDER

15-cv-748-jdp

---

Pro se plaintiff James L. Rushfeldt filed a complaint with this court alleging that Texas state law unnecessarily "duplicates" federal motor carrier proof-of-insurance filing requirements and, as a result, unconstitutionally burdens interstate commerce.

Now the State of Texas has moved to dismiss plaintiff's complaint, contending that: (1) the court does not have subject matter jurisdiction over plaintiff's claims; (2) the court may not exercise personal jurisdiction over Texas; (3) plaintiff filed his complaint in the wrong venue; and (4) plaintiff has failed to state a claim upon which relief can be granted. Dkt. 5. Texas's motion to dismiss is conclusory, inapposite at times, and largely unhelpful. But because I am able to determine that this venue is improper, I will grant Texas's motion in this respect, and I will transfer plaintiff's case to the United States District Court for the Western District of Texas.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint and its attachments. Dkt. 1.

---

[1] I have amended the caption to reflect plaintiff's full name as it appears in the complaint.

Plaintiff, doing business as Rushfeldt Farms, is a licensed interstate motor carrier, based in Wisconsin. Plaintiff's insurer files proof of his insurance with the federal government, pursuant to federal law. But Texas separately requires truckers to file proof of insurance with the state.

Plaintiff had appropriate insurance at all times. At some point, plaintiff changed insurers, and neither plaintiff nor his new insurer filed proof of insurance with Texas. On July 16, 2015, the Director of the Motor Carrier Division of the Texas Department of Motor Vehicles, James E. Archer, issued a "final order" revoking plaintiff's Texas motor carrier registration certificate and fining plaintiff $500 for failing to file proof of insurance, pursuant to various sections of the Texas Transportation Code and the Texas Administrative Code. Dkt. 1-3. Plaintiff filed a motion for rehearing. Dkt. 1-4. On August 20, 2015, Archer granted plaintiff's motion for rehearing, vacated the final order, and remanded for further proceedings. Dkt. 1-7. But plaintiff alleges that he never received a rehearing and that he was required to pay the $500.

These proceedings ultimately forced plaintiff to reroute one of his trucks around Texas, costing him a significant amount of time and money.

Plaintiff contends that Texas state law "harasses" truckers by requiring them to file proof of insurance with the state and by fining those who do not comply. Plaintiff contends that the "Texas filing serves no legitimate useful public purpose and is therefore an unreasonable and unlawful impediment to interstate commerce" and that is constitutes excessive punishment, in violation of the Eighth Amendment. Dkt. 1, ¶¶ 2, 6.

ANALYSIS

Texas contends that it is entitled to sovereign immunity, pursuant to the Eleventh Amendment. But even if the Eleventh Amendment strips the court of subject matter or personal jurisdiction, as Texas summarily suggests, I do not have to determine whether this court may exercise subject matter jurisdiction over plaintiff's claims or personal jurisdiction over Texas before *transferring* the case to its proper venue. Although I must resolve any outstanding jurisdictional issues before reaching the merits of plaintiff's claims, I have "leeway to choose among threshold grounds for denying audience to a case on the merits." *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) (citation and internal quotation marks omitted). "[T]he indeterminacy of subject-matter jurisdiction is not, standing alone, a bar to consideration of venue." *Id.* at 578. And here, where Texas has not sufficiently developed its arguments as to why this court does not have subject matter or personal jurisdiction, it is much easier to determine that the United States District Court for the Western District of Wisconsin is not a proper venue for plaintiff's claims. *See id.* at 576 ("The relative ease of determining venue before subject-matter jurisdiction is an issue of judicial economy; the site of the majority of the conduct in question concerns the convenience and fairness of transferring the case.").

Under 28 U.S.C. § 1391, a plaintiff may bring a civil action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If at least one of these three options points to this district, "venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). Texas does not "reside" here, and most—if not all—of the events at issue in this case took place in Austin, Texas, where the administrative determinations and sanctions were handed down. Because venue is improper here, I will transfer plaintiff's case to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1406(a).

I will not reach the other aspects of Texas's motion to dismiss, and I will dismiss those portions without prejudice to Texas renewing those defenses once this case is in the Western District of Texas.

## ORDER

IT IS ORDERED that:

1. Plaintiff James L. Rushfeldt's motion to stay, Dkt. 2, is DENIED.

2. Defendant the State of Texas's motion to dismiss, Dkt. 5, is GRANTED in part and DENIED without prejudice in part.

    a. Because venue is improper here, this case is transferred to the United States District Court for the Western District of Texas.

    b. Defendant's remaining arguments are DENIED at this time, without prejudice to defendant raising those defenses once this case is in the Western District of Texas.

Entered June 1, 2016.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge